United States District Court
Southern District of Texas
**ENTERED**
June 10, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DEBORAH J. GILCHREASE, | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. 4:18-cv-640 |
| A.P. FORMULATORS LLC *and* ALAN PALERMO, | § | |
| Defendants. | § | |

## ORDER

Pending before the Court are Defendant A.P. Formulators, L.L.C.'s Motion for Summary Judgment (Document No. 52) and Motion to Reconsider/Rehear Dismissal of Alan Palermo (Document No. 44). Having considered the motions, submissions, and applicable law, the Court determines the motion for summary judgment should be granted in part and denied in part and the motion for reconsideration should be denied.

### I. BACKGROUND

This is an employment discrimination case. On January 27, 2016, Plaintiff Deborah Gilchrease ("Gilchrease") alleges she was hired as an Inside Sales Representative by Defendant A.P. Formulators, L.L.C. ("A.P. Formulators"). At all relevant times, Gilchrease alleges Defendant Alan Palermo ("Palermo") was

employed as the President of A.P. Formulators. On April 5, 2017, while working at A.P. Formulators, Gilchrease alleges she discovered a sexually-explicit video (the "Video"). On June 2, 2017, Gilchrease alleges A.P. Formulators and Palermo (collectively, "Defendants") terminated Gilchrease's employment. Between Gilchrease's discovery of the Video and the termination of Gilchrease's employment, Gilchrease alleges Defendants discriminated against Gilchrease, engaged in retaliation, and created a hostile work environment.

Based on the foregoing, on February 28, 2018, Gilchrease filed this lawsuit against Defendants, bringing claims for negligence under Texas law, discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), retaliation under Title VII and the Texas Commission on Human Rights Act of 1983 (the "TCHRA"), and hostile work environment under Title VII.[1] On February 2, 2019, the Court granted A.P. Formulators's motion to dismiss as to the negligence claim and further granted Palermo's motion to dismiss for insufficient service of process. On March 14, 2019, Gilchrease moved for reconsideration of the dismissal of Palermo. On April 1, 2019, A.P. Formulators filed a motion for summary judgment as to the Discrimination Claims.

---

[1] The Court refers to the claims for discrimination under Title VII, retaliation under Title VII and the TCHRA, and hostile work environment under Title VII, collectively, as the "Discrimination Claims."

## II. STANDARD OF REVIEW

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must view the evidence in a light most favorable to the nonmovant. *Coleman v. Hous. Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997). Initially, the movant bears the burden of presenting the basis for the motion and the elements of the causes of action upon which the nonmovant will be unable to establish a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmovant to come forward with specific facts showing there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). "A dispute about a material fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 956 (5th Cir. 1993) (citation omitted).

But the nonmoving party's bare allegations, standing alone, are insufficient to create a material issue of fact and defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). Moreover, conclusory allegations unsupported by specific facts will not prevent an award of summary judgment; the plaintiff cannot rest on his allegations to get to a jury without any significant probative evidence tending to support the complaint. *Nat'l Ass'n of Gov't*

*Emps. v. City Pub. Serv. Bd. of San Antonio*, 40 F.3d 698, 713 (5th Cir. 1994). If a reasonable jury could not return a verdict for the nonmoving party, then summary judgment is appropriate. *Liberty Lobby, Inc.*, 477 U.S. at 248. The nonmovant's burden cannot be satisfied by conclusory allegations, unsubstantiated assertions, or "only a scintilla of evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). Further, it is not the function of the Court to search the record on the nonmovant's behalf for evidence which may raise a fact issue. *Topalian v. Ehrman*, 954 F.2d 1125, 1137 n.30 (5th Cir. 1992). Therefore, "[a]lthough we consider the evidence and all reasonable inferences to be drawn therefrom in the light most favorable to the nonmovant, the nonmoving party may not rest on the mere allegations or denials of its pleadings, but must respond by setting forth specific facts indicating a genuine issue for trial." *Goodson v. City of Corpus Christi*, 202 F.3d 730, 735 (5th Cir. 2000) (quoting *Rushing v. Kan. City S. R.R. Co.*, 185 F.3d 496, 505 (5th Cir. 1999)).

## III. LAW & ANALYSIS

A.P. Formulators moves for summary judgment as to the Discrimination Claims. Gilchrease moves for reconsideration of the dismissal of Palermo. The Court addresses each motion in turn.

A.  *Motion for Summary Judgment*

Gilchrease alleges the following claims against A.P. Formulators: (1) discrimination under Title VII; (2) retaliation under Title VII and the TCHRA; and (3) hostile work environment under Title VII. A.P. Formulators moves for summary judgment as to all claims. The Court addresses each claim in turn.

1.  *Discrimination*

A.P. Formulators contends summary judgment is proper as to the discrimination claim under Title VII because Gilchrease fails to show she was treated less favorably than similarly-situated employees outside the protected class. A *prima facie* case of discrimination requires a plaintiff to show she: (1) belongs to a protected class; (2) was qualified for her position; (3) was subject to an adverse employment action; and (4) was replaced by someone outside the protected class or was treated less favorably than similarly-situated employees outside the protected class. *Haire v. Bd. of Supervisors of La. State Univ.*, 719 F.3d 356, 363 (5th Cir. 2013). "Employees are similarly situated if: (1) they 'held the same job or responsibilities'; (2) they worked for 'the same supervisor or had their employment status determined by the same person'; (3) they had 'essentially comparable violation histories'; and 'critically' (4) the employees' conduct drawing adverse consequences was 'nearly identical' but resulted in 'dissimilar employment decisions.'" *Warren v. Fed. Nat'l Mortg. Ass'n*, 733 F. App'x 753, 761 (5th Cir.

2018) (per curiam) (quoting *Lee v. Kan. City. S. Ry. Co.*, 574 F.3d 253, 259–60 (5th Cir. 2009)). Conversely, employees are not similarly situated if they: "(1) had different supervisors; (2) worked for different divisions within the company; (3) held different responsibilities; (4) suffered adverse actions for dissimilar conduct; or (5) suffered adverse actions too remote in time from each other." *Id*. Assuming, without deciding, Gilchrease can satisfy the first three elements of the *prima facie* case, the Court turns to whether Gilchrease can satisfy the fourth element of the *prima facie* case. Gilchrease contends she can satisfy the fourth element of the *prima facie* case and relies solely on evidence allegedly showing she was treated less favorably than similarly-situated employees outside the protected class.

Gilchrease testified in her deposition she was treated less favorably than an employee outside the alleged protected class, Josh Smith ("Smith").[2] However, Gilchrease testified in her deposition Smith's job responsibilities and job description were different than hers.[3] A.P. Formulators states, and produces evidence showing, Gilchrease received three disciplinary violations (the "Violations").[4] A.P.

---

[2] *Plaintiff's Response to Motion for Summary Judgment*, Document No. 60, Exhibit 3 at 69 (*Oral Deposition of Deborah J. Gilchrease*) [hereinafter *Deposition of Deborah Gilchrease*].

[3] *Deposition of Deborah Gilchrease*, *supra* note 2, at 29–30.

[4] *Defendant A.P. Formulators, L.L.C.'s Motion for Summary Judgment*, Document No. 52, Exhibit 2, ¶¶ 4–5 (*Affidavit of Alan Palermo*) [hereinafter *Affidavit of Alan Palermo*], Exhibit 2-A at 2–4 (*Employee Written Disciplinary Forms*).

Formulators further states, and produces evidence showing, Smith never received disciplinary violations.[5] Gilchrease states the Violations were concocted. However, she does not produce evidence showing the Violations were concocted and does not produce evidence showing Smith had a similar violation history. The Court finds Gilchrease fails to show she and Smith were similarly situated. Because Gilchrease does not contend she was similarly situated to another employee, the Court finds Gilchrease fails to show she was treated less favorably than similarly-situated employees outside the alleged protected class. Thus, the Court finds Gilchrease fails to establish a *prima facie* case of discrimination under Title VII. Accordingly, A.P. Formulators's motion for summary judgment is granted as to the discrimination claim under Title VII.

    2.    *Retaliation*

A.P. Formulators contends summary judgment is proper as to the retaliation claim under Title VII and the TCHRA because Gilchrease fails to show she engaged in protected activity. "The substantive law governing Title VII and TCHRA retaliation claims is identical." *Gorman v. Verizon Wireless Tex., LLC*, 753 F.3d 165, 170 (5th Cir. 2014). A *prima facie* case of retaliation requires a plaintiff to show: (1) she participated in protected activity; (2) her employer took an adverse

---

    [5] *Affidavit of Alan Palermo, supra* note 4, ¶ 6.

7

employment action against her; and (3) a causal connection between the protected activity and the adverse employment action. *Id.* at 171. Under the first element, the plaintiff's complaint to her employer constitutes protected activity if it "at least alert[s her] employer to the [plaintiff's] reasonable belief that unlawful discrimination is at issue." *Brown v. United Parcel Serv., Inc.*, 406 F. App'x 837, 840 (5th Cir. 2010) (per curiam). A vague complaint, without reference to unlawful treatment based on a protected characteristic, does not constitute protected activity. *Davis v. Dall. Indep. Sch. Dist.*, 448 F. App'x 485, 493 (5th Cir. 2011) (per curiam).

Gilchrease states she received the Violations and was ultimately terminated after discovery of the Video. Gilchrease states she never reported the Video to anyone.[6] Gilchrease does not cite to evidence showing she complained of unlawful treatment based on a protected characteristic. The Court finds Gilchrease fails to show she engaged in protected activity. Thus, the Court finds Gilchrease fails to establish a *prima facie* case of retaliation. Accordingly, A.P. Formulators's motion for summary judgment is granted as to the retaliation claim under Title VII and the TCHRA.[7]

---

[6] *Plaintiff's Response to Motion for Summary Judgment*, Document No. 60 at 7.

[7] A.P. Formulators further contends summary judgment is proper as to the retaliation claim because: (1) the retaliation claim is untimely; (2) Gilchrease fails to present facts establishing causation; and (3) Gilchrease was terminated for legitimate, non-retaliatory reasons. However, in light of the Court's holding, the Court need not address these contentions.

### 3. *Hostile Work Environment*

A.P. Formulators contends summary judgment is proper as to the discrimination claim based on hostile work environment under Title VII. Having considered the motion, submissions, and applicable law, the Court finds A.P. Formulators's motion for summary judgment should be denied as to the hostile work environment claim under Title VII.

### B. *Motion for Reconsideration*

Gilchrease moves for reconsideration of the dismissal of Palermo for insufficient service of process. Having considered the motion, submissions, and applicable law, the Court finds Gilchrease's motion for reconsideration should be denied.

### IV. CONCLUSION

Accordingly, the Court hereby

**ORDERS** that Defendant A.P. Formulators, L.L.C.'s Motion for Summary Judgment (Document No. 52) is **GRANTED IN PART** and **DENIED IN PART**. The motion is granted as to the claims for: (1) discrimination under Title VII; and (2) retaliation under Title VII and the TCHRA. The motion is denied as to the claim for hostile work environment under Title VII. The Court further

**ORDERS** that the Motion to Reconsider/Rehear Dismissal of Alan Palermo (Document No. 44) is **DENIED**.[8]

SIGNED at Houston, Texas, on this __10__ day of June, 2019.

*/s/ David Hittner*
DAVID HITTNER
United States District Judge

---

[8] Also pending before the Court is the Motion to Enlarge Time Ex Post Facto for Process of Service (Document No. 43) (the "Motion to Enlarge Time"). However, in light of the Court's denial of the motion to reconsider the dismissal of Palermo, the Motion to Enlarge Time is denied as moot.